UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.: EDCV 14-1006-CAS (MAN)            Date: May 29, 2014

Title:    Christopher Carrea Jr. v. State of California, et al.
========================================================================
DOCKET ENTRY:      ORDER TO SHOW CAUSE RE: DISMISSAL OF APPARENTLY UNEXHAUSTED PETITION
========================================================================
PRESENT:

                 Hon. Margaret A. Nagle   , United States Magistrate Judge

                 Earlene Carson                 N/A
                 Deputy Clerk                    Court Reporter/Tape No.

   ATTORNEYS PRESENT FOR PETITIONER:         ATTORNEYS PRESENT FOR RESPONDENTS:

     N/A                                        N/A

**PROCEEDINGS (In Chambers):**

This action commenced on April 18, 2014, when Petitioner filed a habeas petition pursuant to 28 U.S.C. § 2254 ("Petition") in the United States District Court for the Northern District of California. The Northern District thereafter ordered that the Petition be transferred to this District, in which it was received and filed on May 20, 2014.

The Petition stems from Petitioner's most recent conviction in the San Diego Superior Court. Petitioner alleges that, on January 4, 2013, he was convicted and sentenced in San Diego Superior Court Case No. SCD240790 to a seven-year term but is required to serve only 34% of that sentence (the "State Conviction"). (Petition at 1.) The Petition pleads a single claim. Petitioner alleges that state officials have failed to comply with a February 10, 2014 Order issued in a case pending in the United States District Court for the Eastern District of California, Case No. 90-CV-0520 (the Coleman/Plato actions), which relates to certain prison population reduction measures to be taken by the State of California. Petitioner contends that, pursuant to the February 10, 2014 Order, Respondents were required to immediately recalculate his release date and his good time credits, so that he will serve no more than 34% of his sentence imposed for the State Conviction. (Petition at 5 and attached page.) Petitioner alleges that he appealed the State Conviction, and it was affirmed by the California Court of Appeal in 2013, and by the California Supreme Court in 2014. Petitioner further alleges that he has not filed any other state or federal proceedings with respect to the State Conviction. (Petition at 2-3.) Petitioner does not allege that he has exhausted his

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.  EDCV 14-1006-CAS (MAN)                                    Date: May 29, 2014

instant claim.  (Petition, *passim*.)

Pursuant to Rule 201 of the Federal Rules of Evidence, the Court has taken judicial notice of the dockets and case records available electronically through the Appellate Courts Case Information website of the California Courts.[1]  Those judicially noticed dockets and records show that: Petitioner filed an appeal after he sustained the State Conviction and was sentenced; the sole issue raised by Petitioner on appeal was a claim that the trial court abused its discretion by admitting evidence of seven prior incidents of violence or threats by Petitioner against the same victim; on February 25, 2014, the California Court of Appeal affirmed the State Conviction (Case No. D063357); and on April 30, 2014, the California Supreme Court denied the petition for review filed by Petitioner (Case No. S217438).  The dockets and records of the California Court of Appeal and California Supreme Court do *not* show any filing by Petitioner that raised the claim alleged in the instant Petition.  Accordingly, the Petition appears to be unexhausted.[2]

As the evidence of record shows that Petitioner has not presented his instant sentencing claim to the California Supreme Court, and thus has not afforded that court a chance to rule on the claim, the Petition is fully unexhausted and must be dismissed without prejudice.  Rose, 455 U.S. at 522, 102 S. Ct. at 1205.[3]  Accordingly, Petitioner is ORDERED TO SHOW CAUSE why this action

---

[1]     *See* http://appellatecases.courtinfo.ca.gov.

[2]     Federal courts may not grant habeas relief to a person held in state custody unless the petitioner has exhausted his available state court remedies as to each of the issues presented.  28 U.S.C. § 2254(b)(1)(A); Rose v. Lundy, 455 U.S. 509, 518, 102 S. Ct. 1198, 1203 (1982); Fields v. Waddington, 401 F.3d 1018, 1020 (9th Cir. 2005).  To satisfy the exhaustion requirement, a state prisoner must "fairly present" his federal claim to the state courts, that is, give them a fair opportunity to consider and correct violations of the prisoner's federal rights.  *See* Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 888 (1995); Peterson v. Lampert, 319 F.3d 1153, 1155-56 (9th Cir. 2003) (*en banc*).  A state prisoner seeking relief with respect to a California conviction is required to "fairly present" his federal claims to the California Supreme Court.  *See* Baldwin v. Reese, 541 U.S. 27, 29, 124 S. Ct. 1347, 1349 (2004) (a state prisoner must fairly present his claim to a state supreme court having the power of discretionary review); Keating v. Hood, 133 F.3d 1240, 1242 (9th Cir. 1998).  A Section 2254 habeas petition that contains both exhausted and unexhausted claims is considered to be "mixed."

[3]     Under prevailing law, a fully unexhausted federal habeas petition may not be stayed and must be dismissed.  *See, e.g.,* Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (holding that a fully unexhausted

---

MINUTES FORM 11                                                                           Initials of Deputy Clerk __efc___
CIVIL - GEN

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.  EDCV 14-1006-CAS (MAN)                                Date: May 29, 2014

should not be dismissed without prejudice for lack of exhaustion. **By no later than June 30, 2014**, Petitioner shall file a response to this Order To Show Cause, in which he must either: establish that the claim alleged in the Petition is exhausted by submitting documentary evidence proving the fact of exhaustion; or concede that the Petition is unexhausted and, thus, must be dismissed without prejudice.

> **Petitioner is cautioned that a failure to respond to this Order by June 30, 2014, will be deemed to constitute an admission that the Petition is unexhausted and thus must be dismissed, and the Court will forward the case to the United States District Judge with a recommendation that this action be dismissed without prejudice for lack of exhaustion.**

IT IS SO ORDERED.

---

petition may not be stayed and observing: "Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions. Instead, it may simply dismiss the habeas petition for failure to exhaust."); Jones v. McDaniel, 320 Fed. Appx. 784, 786 (9th Cir. 2009) (affirming the dismissal of a fully unexhausted petition and denial of a stay, because a "*Rhines* stay is only available for a mixed habeas petition where at least some of the claims have been exhausted, and none of [petitioner's] claims were exhausted"); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001) (a district court is "'obliged to dismiss immediately'" a petition that contains no exhausted claims) (citation omitted).

MINUTES FORM 11                                                              Initials of Deputy Clerk __efc___
CIVIL - GEN