O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER CARREA, JR.,         ) | NO. EDCV 14-1006-CAS (MAN) |
|                          Petitioner,    ) | ORDER: DISMISSING PETITION WITHOUT PREJUDICE; AND DENYING CERTIFICATE OF APPEALABILITY |
|         v.                                     ) | |
| STATE OF CALIFORNIA, et al.,     ) | |
|                          Respondents.  ) | |

On April 18, 2014, Petitioner filed a habeas petition ("Petition") in the United States District Court for the Northern District of California. The Northern District thereafter transferred the Petition to this District on the ground that, because Petitioner is challenging the execution of his sentence and is incarcerated within this District, venue over the Petition lies in this District.

The Petition stems from Petitioner's most recent conviction in the San Diego Superior Court. Petitioner alleges that, on January 4, 2013, he was convicted and sentenced in San Diego Superior Court Case No. SCD240790 to a seven-year term (the "State Conviction"). (Petition at 1.) The Petition pleads a single claim based on Petitioner's contention that he is entitled to have an earlier release date set based upon an order issued in a federal civil rights class action. Petitioner alleges that state officials have failed to comply with a February 10, 2014 Order issued in the Coleman/Plata actions (discussed *infra*), which relates to certain prison population reduction

measures to be taken by the State of California. Petitioner contends that, pursuant to that February 10, 2014 Order, Respondents were required to immediately recalculate his release date and his good time credits -- and require him to serve no more than 34% of his seven-year sentence imposed for the State Conviction -- so that the State of California may meet prison population reduction benchmarks established in the federal civil rights case. (Petition at 5 and attached page.)

Petitioner alleges that he appealed the State Conviction, and it was affirmed by the California Court of Appeal in 2013, and by the California Supreme Court in 2014. Petitioner further alleges that he has not filed any other state or federal proceedings with respect to the State Conviction. (Petition at 2-3.) Petitioner does not allege that he has exhausted his instant claim. (Petition, *passim*.)

On May 29, 2014, United States Magistrate Judge Margaret A. Nagle issued an Order To Show Cause ("OSC") in which she advised Petitioner that the Petition appears to be unexhausted. Specifically, she noted that, pursuant to Rule 201 of the Federal Rules of Evidence, she had taken judicial notice of the dockets and case records available electronically through the Appellate Courts Case Information website of the California Courts,[1] which showed that: Petitioner filed an appeal after he sustained the State Conviction and was sentenced; the sole issue raised by Petitioner on appeal was a claim that the trial court abused its discretion by admitting evidence of seven prior incidents of violence or threats by Petitioner against the same victim; on February 25, 2014, the California Court of Appeal affirmed the State Conviction (Case No. D063357); and on April 30, 2014, the California Supreme Court denied the petition for review filed by Petitioner (Case No. S217438). She further advised Petitioner that the dockets and records of the California Court of Appeal and California Supreme Court do *not* show any filing by Petitioner that raised the claim alleged in the instant Petition, and thus, the Petition appears to be unexhausted.

---

[1] *See* http://appellatecases.courtinfo.ca.gov.

On July 25, 2014, Petitioner filed a timely "Opposition" to the OSC. Petitioner disputes that he is subject to the exhaustion requirement (discussed *infra*), because he "is addressing not a state court judgment, but a federal court judgment and federal court order." (Opposition at 8.) He contends that he has no available state court remedies, and that it would be "futile, trifling, idle and frivolous" to require him to exhaust his claim, because he seeks an order directing state officials to comply with an order issued by a federal court.[2] (*Id.*) Petitioner also appears to contend that the Petition is brought under 28 U.S.C. § 2241(c)(2) and not under 28 U.S.C. § 2254. (*Id.* at 11.)

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that a petition for writ of habeas corpus "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 summary dismissal is required here, because it plainly appears that the Petition is unexhausted.[3]

## DISCUSSION

Federal courts may not grant habeas relief to a person held in state custody unless the petitioner has exhausted his available state court remedies as to each of the issues presented. 28 U.S.C. § 2254(b)(1)(A); Rose v. Lundy, 102 S. Ct. 1198, 1203 (1982); Fields v. Waddington, 401 F.3d 1018, 1020 (9th Cir. 2005) ("We may review the merits of Petitioner's habeas petition only if he exhausted state court remedies."). "[T]he exhaustion doctrine is designed to give the

---

[2] Petitioner also asserts that the Northern District "refused" and rejected the Judge' Nagle's conclusion that the Petition is unexhausted. (Opposition at 8-9.) Petitioner's assertion is untrue; the Northern District simply transferred the Petition without considering or addressing the exhaustion issue. (*See* May 8, 2014 Order of Transfer, Docket No. 5.) In addition, Petitioner's assertion that Judge Nagle found that the Petition should have been filed in the Eastern District (Opposition at 7) is false.

[3] The Court may raise exhaustion problems *sua sponte*. Boyd v. Thompson, 147 F.3d 1124, 1127-28 (9th Cir. 1998); Stone v. City and County of San Francisco, 968 F.2d 850, 856 (9th Cir. 1992).

state courts a full and fair opportunity to resolve federal constitutional claims *before* those claims are presented to the federal courts." O'Sullivan v. Boerckel, 119 S. Ct. 1728, 1732 (1999) (emphasis added); *see also* Baldwin v. Reese, 124 S. Ct. 1347, 1349 (2004) (to give the State the chance to pass upon and resolve violations of his federal rights, a state prisoner must exhaust his available state remedies before seeking federal habeas relief).

To satisfy the exhaustion requirement, a petitioner must "fairly present" his federal claim to the state courts, *i.e.*, give them a fair opportunity to consider and correct violations of the prisoner's federal rights. *See* Duncan v. Henry, 115 S. Ct. 887, 888 (1995) (*per curiam*); Peterson v. Lampert, 319 F.3d 1153, 1155-56 (9th Cir. 2003) (*en banc*). A state prisoner seeking relief with respect to a California conviction is required to fairly present his federal claims to the California Supreme Court. *See* Baldwin, 124 S. Ct. at 1349 (a state prisoner must fairly present his claim to a state supreme court having the power of discretionary review); Keating v. Hood, 133 F.3d 1240, 1242 (9th Cir. 1998).

Petitioner does not dispute that he has not raised his present claim in the state courts. Rather, he contends that he does not have to do so and, moreover, is prohibited from doing so, because a state court cannot "review" or "challenge[] judges in higher federal courts" and it would be "insanity" to seek review of a federal court order in state court. (Opposition at 2, 6.)

The Coleman/Plata actions are consolidated civil rights class actions pending in the United States District Court for the Eastern District of California.[4] The Coleman class action concerns the constitutional adequacy of the mental health care provided to California Department of Corrections and Rehabilitation ("CDCR") inmates; the class consists of "all inmates with serious

---

[4] Plata v. Brown, CV 01-1351-THE, a class action pending in the United States District Court for the Northern District of California, and Coleman v. Brown, 90-0520-LKK JFM P, a class action pending in the United States District Court for the Eastern District of California. The *Plata* and *Coleman* class actions have been consolidated.

mental disorders who are now, or who will in the future be, confined with the [CDCR]." (Class Cert. Order, Nov. 14, 1991, 4–5, No. 90–0520 LKK–JFM (E.D. Cal.).)  The Plata class action concerns the constitutional adequacy of CDCR's inmate medical health care; the class consists of "all prisoners in the custody of the [CDCR] with serious medical needs." (Stip. for Inj. Relief 5, No. 24, No. 01–cv–01351 THE (N.D. Cal.).)  The Three-Judge Court presiding over these class actions has issued various orders related to prison overcrowding and has required the State of California to undertake prison population reduction measures.  Petitioner alleges that he is a member of the Plata class and is entitled to the benefit of any orders issued in that case. (Opposition at 7.)  He relies upon the February 10, 2014 Order Granting In Part And Denying In Part Defendants' Request For Extension Of December 31, 2013 Deadline [Plata/Coleman Docket No. 5060] (February Order"), which, *inter alia*: extended until February 28, 2016, the deadline imposed in an earlier order that California reduce its prison population to 137.5% design capacity; noted some of the measures California will take to reach that goal by February 28, 2016; and directed California to implement certain of those measures immediately, including steps involving the parole process, expansion of pilot reentry programs, and increasing good time credits prospectively for certain categories of inmates.

As a threshold matter, if this Court were empowered to hear the Petition on its merits, it seems likely that a denial is required.  The February Order does not support Petitioner's allegation that he is *entitled* to receive a sentence reduction at this time, much less federal habeas relief that is essentially injunctive in nature, *i.e.,* directing Respondents to modify Petitioner' sentence so that he will serve no more than 34% of the sentence imposed by the state trial court.  Moreover, if he is a class member as he alleges, Petitioner generally may not proceed with an individual claim for injunctive relief separate and apart from the class that seeks to enforce orders issued within the class action, unless the claim is unique and specific to his needs and/or the circumstances of his incarceration.  Pride v. Correa, 719 F.3d 1130, 1133-34 (9th Cir. 2013); Crawford v. Bell, 599 F.2d 890, 893 (9th Cir. 1979); *see also* Frost v. Symington, 197 F.3d 348, 359 (9th Cir. 1999) (finding that the prisoner/class member plaintiff would have to bring his claims for contempt of

court through the class action's counsel).

The Court, however, need not determine whether the claim alleged in the Petition is cognizable on its merits, because the claim is unexhausted. Contrary to Petitioner's assertion the Petition is governed by 28 U.S.C. § 2254, not 28 U.S.C. § 2241(c)(3). Section 2241(c)(3) provides for federal habeas relief when a person is in custody "for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court of judge of the United States." Petitioner is not "in custody" pursuant to a federal conviction and sentence or federal court order; rather, and indisputably, he is in state custody pursuant to the State Conviction. As Petitioner is in state custody, Section 2254 provides the *only* basis for such a challenge. White v. Lambert, 370 F.3d 1002, 1007-10 (9th Cir. 2004) (holding that "§ 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying state court conviction"). Accordingly, Petitioner's attempted attack on Respondents' failure to reduce his sentence is subject to the requirements and limitations that govern Section 2254 actions. *See id.* at 1007 ("'when a [state] prisoner begins in the district court, § 2254 and all associated statutory requirements apply no matter what statutory label the prisoner has given the case'") (citation omitted).

The Petition, thus, is governed by Section 2254 and the exhaustion requirement of Section 2254(b)(1)(A), which Petitioner admittedly has not satisfied. Petitioner's contention that it would be futile and improper to submit his claim to the state courts is meritless. Apart from the fact that the continued viability of any futility exception to the exhaustion doctrine is questionable,[5] Petitioner has not established that presenting his claim to the state courts would be a futile exercise. Contrary to Petitioner's arguments, assessing the merits of his claim does not require any court -- state or federal -- to sit in judgment of the merits of the February Order. Rather, given Petitioner's contention that the February Order entitles him to receive a reduced sentence,

---

[5] *See* discussion in Noltie v. Peterson, 9 F.3d 802, 805 (9th Cir. 1993); *see also* LaGrand v. Stewart, 173 F.3d 1144, 1147 (9th Cir. 1999).

any court hearing his claim need only determine whether the terms of the February Order actually give Petitioner the right to a reduced sentence as he claims and, thus, whether Respondents should be directed to order such a reduced sentence. Put otherwise, the fact that, by his claim, Petitioner seeks to have a federal court order *applied* to him does not preclude consideration by a state court of that claim. As a matter of comity, any order directing the reduction of Petitioner's sentence appropriately would issue from a state court, not a federal court, given that federal courts generally do not involve themselves in the particulars of state sentencing decisions.

It is plain from the face of the instant Petition that it is unexhausted, because Petitioner did not fairly present his claim to the California Supreme Court before he sought federal habeas relief. Because the Petition is fully unexhausted, it must be dismissed without prejudice. Rose, 102 S. Ct. at 1205.[6] Accordingly, IT IS ORDERED that: the Petition is dismissed, without prejudice, for failure to exhaust available state remedies; and Judgment shall be entered dismissing this action without prejudice.

In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has considered whether a certificate of appealability is warranted in this case. See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000). The Court concludes that a certificate of appealability is unwarranted and, thus, a certificate of appealability is DENIED.

---

[6] Under prevailing law, a fully unexhausted federal habeas petition may not be stayed and must be dismissed. See, e.g., Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (holding that a fully unexhausted petition may not be stayed and observing: "Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions. Instead, it may simply dismiss the habeas petition for failure to exhaust."); Jones v. McDaniel, 320 Fed. Appx. 784, 786 (9th Cir. 2009) (affirming the dismissal of a fully unexhausted petition and denial of a stay, because a "*Rhines* stay is only available for a mixed habeas petition where at least some of the claims have been exhausted, and none of [petitioner's] claims were exhausted"); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001) (a district court is "'obliged to dismiss immediately'" a petition that contains no exhausted claims) (citation omitted).

DATED: July 31, 2014.

*/s/ Christina A. Snyder*
———————————————
CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

*/s/ Margaret A. Nagle*
———————————————
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE